UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WACHOVIA BANK NATIONAL
ASSOCIATION,
    Plaintiff

v.                                                 C.A. No. 09-116ML

BERNARD WASSERMAN,
    Defendant

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO STAY**

Mary M. Lisi, Chief United States District Judge.

    The defendant in this case, Bernard Wasserman ("Wassermann"), is the guarantor of a construction loan (the "Loan") made by the plaintiff, Wachovia Bank National Association ("Wachovia" or "Lender") to WREC Clare LLC ("WREC" or "Borrower"). Wachovia brought this diversity suit for alleged default on the Loan and for payment under a guaranty made by Wasserman. The matter now before the Court is Wasserman's motion to stay this action, pending resolution of a related foreclosure proceeding Wachovia brought against WREC in a Florida state court. For the reasons stated below, Wasserman's motion is DENIED.

### I. Background

    On July 21, 2004, Wachovia agreed to provide financing to WREC in the amount of $5,025,000 for the construction of a large industrial warehouse building. In connection with the loan, Wasserman executed a note (the "Note") and an "Unconditional Guaranty of Payment and Performance," (the "Guaranty"), under which

he guaranteed payment of the outstanding principal amount of the Loan, "provided that [Wasserman's] liability in respect of principal shall be limited in amount" to $1,030,000.[1] Guaranty 1.

When the Loan matured on April 22, 2008, Wachovia notified WREC and Wasserman that all amounts under the Loan Agreement and Guaranty were now due. When no payment was made, Wachovia commenced foreclosure proceedings against WREC in Florida state court. On March 19, 2009, Wachovia filed a complaint in this Court against WREC and Wasserman for the outstanding principal under the Loan. Wachovia subsequently withdrew its claim against WREC without prejudice and limited its claim against Wasserman to the amounts due under the Guaranty.

## II. Standard

It is well established that federal courts "possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). The decision to "stay litigation before it pending developments in a different action involving the same issues" is discretionary. Acton Corp. v. Borden, Inc., 670 F.2d 377, 380 (1st Cir. 1982).

## III. Discussion

Wasserman asserts that, prior to seeking payment under the Guaranty, Wachovia must first pursue the foreclosure action in

---

[1] Under the Guaranty, Wasserman is also liable for "Interest and Carry Obligations" and "Expenses Reimbursement Obligations," as defined therein.

Florida and that, by filing such action, Wachovia is limited to its selected remedy. Def.'s Mot. Stay 1. Specifically, Wasserman suggests that (1) the Guaranty is not unconditional because it limits Wasserman's liability to a fraction of the Loan principal, and (2) "an integrated reading" of the Loan documents reflects the parties' intent that Wachovia may seek payment under the Guaranty only <u>after</u> it has pursued the foreclosure remedy. <u>Id.</u> at 3.

A plain reading of the transaction documents does not support Wasserman's assertions. The Loan Agreement defines the Guaranty as "[t]he Unconditional Guaranty of Payment and Performance," Loan Agreement 3, and the Guaranty itself requires Wasserman to "absolutely, unconditionally and irrevocably guarantee to Lender the complete payment and performance" of WREC's liabilities, obligations and indebtedness to Wachovia. Guaranty 1. The Guaranty is limited only with respect to the portion of the outstanding principal for which Wasserman is liable. <u>Id.</u>

Nor do the terms of the Guaranty or any of the other transaction documents indicate that Wachovia must elect its remedy or that it must pursue the foreclosure action before attempting to collect under the Guaranty. On the contrary, the Guaranty provides that <u>no</u> action Wachovia may take "in connection with the Note or the Loan Documents . . . or any security for the payment of the indebtedness of Borrower to Lender or for the performance of any of the Obligations . . . shall affect this Guaranty in any way or afford Guarantor any recourse against Lender." Guaranty ¶ 3.

Moreover, the Guaranty states that, in the event of a default "under the Note or the Loan Documents . . . , [Wachovia] shall have the right to enforce its rights, powers and remedies thereunder or hereunder. . . <u>in any order</u>, and all rights, powers and remedies available to Lender in such event shall be nonexclusive and cumulative of all other rights, powers and remedies. . ." <u>Id.</u> at ¶ 7 (emphasis added). Even if the outstanding principle balance is reduced as a result of Wachovia's election of the remedies available to it, Wasserman "remain[s] liable for the entire balance of the Obligations." <u>Id.</u>

Finally, the Guaranty contains a waiver provision, under which Wasserman relinquishes "any right to require that an action be brought against Borrower or any other person or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Lender in favor of Borrower or any other person." <u>Id.</u> at ¶ 6.

Wasserman maintains that "[t]he Note limits the remedies of Wachovia ' solely to the collateral now or hereafter granted.' <u>See</u> Note at p. 13." Def.'s Mem. 4. However, it is clear that the Note's provision pertains to Wachovia's rights with respect to WREC[2] and does not limit Wasserman's obligations under the Guaranty. <u>See</u> <u>F.D.I.C. v. Singh</u>, 977 F.2d 18 (1st Cir. 1992)(holding that non-recourse provision in Note applicable to partnership was not

---

[2] Although the all-caps part of Section 20 in the Note refers to "Holding" rather than "Borrower," this appears to be an error overlooked in final editing.

inconsistent with unconditional guaranty executed by individual partners).

In sum, the transaction documents, whether considered separately or in an integrated reading, impose no condition on Wachovia to pursue the foreclosure action prior to proceeding with its claim under the Guaranty.

## Conclusion

For the reasons set forth above, the defendant's motion to stay is DENIED.

SO ORDERED.

_____
Mary M. Lisi
Chief United States District Judge

June /2 ,2009